IN THE UNITED STATES BANKRUPTCY COURT FOR THE
SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE : § | | |
| § | | |
| POSITIVE HEALTH MANAGEMENT, INC., § | Case No. 08-31630 | |
| *Debtor.* § | Chapter 7 | |
| § | | |
| RANDY WILLIAMS, § | | |
| CHAPTER 7 TRUSTEE § | ADVERSARY NO. 10-3122 | |
| *Plaintiff*, § | | |
| § | | |
| v. § | | |
| § | | |
| DMITRIY BUYANOV, § | | |
| M. DAVID DENNIS, § | | |
| CESAR AUGOSTO GOMEZ-LOZANO, § | | |
| KUCHENBACKER ENTERPRISES LLC, § | | |
| KARL A. KUCHENBACKER, § | | |
| ABIMAEL PEREZ, § | | |
| GREGG THOMAS PODLESKI, § | | |
| ERNEST ROMAN, § | | |
| BYRON STRAIN § | | |
| *Defendants*. § | | |

**TRUSTEE'S SECOND AMENDED COMPLAINT
FOR AVOIDANCE OF TRANSFERS AND RELATED RELIEF**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Randy Williams, the Chapter 7 Trustee of Positive Health Management, Inc. ("***Trustee" or "Plaintiff"***"), files this Second Amended Complaint against Dmitriy Buyanov, M. David Dennis, Cesar Augosto Gomez-Lozano, Kuchenbacker Enterprises, LLC and Karl A. Kuchenbacker, Abimael Perez, Gregg Thomas Podleski, Ernest Roman, and Byron Strain collectively known as "***Defendants***". For its causes of action, Plaintiff would respectfully show the Court the following:

.

1

## PARTIES

1. Plaintiff is the Chapter 7 Trustee (the "*Trustee*") of Positive Health Management, Inc. ("*Positive Health*" or the "*Debtor*"), a Texas corporation with its principal place of business in Harris County, Texas and chapter 7 debtor in Bankruptcy Case No. 08-31630.

2. Defendant Dmitriy Buyanov is a natural person domiciled in Texas. Defendant may be served at 2425 Babcock Rd., Ste 108, San Antonio, Texas 78229.

3. Defendant M. David Dennis is a natural person domiciled in Texas. Defendant may be served at 5282 Medical Dr., Suite 200, San Antonio, Texas 78229.

4. Defendant Cesar Augusto Gomez-Lozano is a natural person domiciled in Texas. Defendant may be served at 122 North International Drive, Suite #B, Garland, Texas 75042.

5. Defendant Kuchenbacker Enterprises is a domestic limited liability company organized under the laws of the State of Texas. Defendant's principle offices are located at 601 N. Akard, 4th floor, Dallas, TX 75201. Defendant may be served through its registered agent Karl A. Kuchenbacker at 601 N. Akard, 4th floor, Dallas, Texas 75201.

6. Defendant Karl A. Kuchenbacker is a natural person domiciled at 1108 Bally Mote, Dallas, TX 75218. Defendant may be served at 1108 Bally Mote, Dallas, TX 75218.

7. Defendant Abimael Perez is a natural person domiciled in Texas. Defendant may be served at 2401 Morgan Ave., Corpus Christi, Texas 78405.

8. Defendant Gregg Thomas Podleski is a natural person domiciled in Texas. Defendant may be served at 2540 North Galloway Ave., Ste 302, Mesquite, Texas 75150.

9. Defendant Ernest Roman is a natural person domiciled in Texas. Defendant may be served at 1000 S. Washington Ave, Cleveland, Texas 77327.

10. Defendant Byron Strain is a natural person domiciled in Texas. Defendant may be served at 2550 Beckleymeade Ave., Ste 100, Dallas, Texas 75237.

## JURISDICTION AND VENUE

11. The Court maintains subject matter jurisdiction over this adversary proceeding and the parties thereto pursuant to 28 U.S.C. § 1334.

12. Venue is proper in the United States Bankruptcy Court for the Southern District of Texas pursuant to 28 U.S.C. § 1409(a).

## FACTS

13. This lawsuit arises out of the bankruptcy case, *In re Positive Health Management, Inc.*, Case No. 08-31630 (Bankr. S.D. TX. 2008) originally filed as a Chapter 11 case on March 11, 2008. Debtor operated as a debtor in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108. The case converted to chapter 7 on March 13, 2009.

14. The Debtor operated pain management clinics throughout Texas.

15. The Defendants named herein are physicians and/or chiropractors, none of whom were employees of the Debtor.

16. The Debtor's former president Ronald Ziegler implemented a "marketing program" whereby monthly stipends were paid to physicians and chiropractor in exchange for referral of patients.

17. Upon information and belief, each Defendant was paid to refer patients to Debtor's clinics in exchange for payment of the monthly stipend.

18. Under Texas law, a person commits an offense if the person knowingly offers to pay or agrees to accept, directly or indirectly, overtly or covertly any remuneration in cash or in kind to

or from another for securing or soliciting a patient or patronage for or from a person licensed, certified, or registered by a state health care regulatory agency. TEXAS OCCUPATIONS CODE § 102.001(a).

19. Accordingly, there was no reason for the Debtor to transfer funds from corporate accounts to Defendants.

20. These payments were made within the two years preceding the March 11, 2008 petition.

21. The Trustee has requested in writing that Defendants return this money (and property) to the bankruptcy estate.

## CAUSES OF ACTION

### 1.    FRAUDULENT TRANSFER UNDER 11 U.S.C. § 548

22. The Trustee incorporates the allegations of the preceding paragraphs by reference as if fully set forth herein.

23. All transfers made to each of the Defendants were made within 2 years of the petition date.

24. The Debtor did not receive reasonably equivalent value for the transfers and at all times the Debtor was insolvent at the time of the transfers.

25. Either the Debtor received nothing in exchange for these payments or these payments were an illegal solicitation of patients under the TEXAS OCCUPATIONS CODE §§ 102.001 and 102.006. If these payments were in violation of the Texas Occupations Code, then Defendant(s) is subject to disciplinary action by the regulatory agency that issued a license, certification, or registration to him. TEXAS OCCUPATIONS CODE § 102.008. Payments received in an illegal transaction did not confer benefit to the Debtor.

4

26. Alternatively, on the date of the transfers, the Debtor was insolvent, or became insolvent as a result thereof; was engaged or was about to engage in business in which its property after the transfers was unreasonably small capital; and/or intended to incur or believed it would incur debts that it would be unable to repay.

27. Under § 550(a) of the Bankruptcy Code, the Trustee may recover the property transferred or the value of such transfer from "the initial transferee of such transfer or the entity for whose benefit such transfer was made." 11 U.S.C. § 550(a).

28. Defendants are the initial transferees from the Debtor. The Trustee is entitled to recover the value of all such payments from the Defendants plus pre- and post-judgment interest.

## 2. FRAUDULENT TRANSFER UNDER TEXAS LAW

29. The Trustee incorporates the allegations of the preceding paragraphs by reference as if fully set forth herein.

30. All payments referenced herein made by the Debtor were made in violation of TEX. BUS. COMM. CODE. § 24.001 *et seq*. Specifically, transfers to Defendants were made for less than equivalent consideration and the Debtor (i) was engaged in business for which the remaining assets were unreasonably small in relation to the Debtor's business; or (ii) reasonably should have known that the Debtor was incurring debts beyond its ability to repay them. TEX. BUS. COMM. CODE § 24.005.

31. A creditor exists whose claim arose before or within a reasonable time after the occurrence of the transfers for whom the Trustee can act.

32. The transfers of corporate funds were also made without the Debtor receiving reasonably equivalent value in exchange for the payments and the Debtor was insolvent at the time of the

5

transfers. A creditor exists whose claim arose before the occurrence of the transfers for whom the Trustee can act. TEX. BUS. & COM. CODE ANN. § 24.006(a). The Trustee seeks a money judgment for the amount of all transfers to Defendants.

33. Pursuant to TEX. BUS. COMM. CODE. § 24.013, Plaintiff may recover attorneys' fees from the Defendants for the successful prosecution of the claims asserted under TEX. BUS. COMM. CODE. § 24.001 *et seq*

### 3. UNAUTHORIZED POST-PETITION TRANSFERS UNDER 11 U.S.C. § 549

34. The Trustee incorporates the allegations of the preceding paragraphs by reference as if fully set forth herein.

35. To the extent that any payment/transfer to or for the benefit of the Defendants was made after commencement of the case and was not authorized by the court, such transfers are avoidable under 11 U.S.C. § 549. An avoidable post-petition transfer is a transfer (i) made after commencement of the case and (ii) that is not authorized by the court.

36. To the extent that any transfer was made in after commencement of the case it was not authorized by the court.

37. Under § 550(a) of the Code, the Trustee may recover the transfer from "the initial transferee of such transfer or the entity for whose benefit such transfer was made." 11 U.S.C. §550(a). Defendant(s) were the initial transferee of such payments. Consequently, the Trustee is entitled to recover all payments from Defendant(s) plus pre- and post-judgment interest.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Trustee respectfully requests that the Court enter judgment against Defendant as follows:

(a) avoid the transfer of corporate funds from Debtor to Defendant(s) under 11 U.S.C. §§ 548 and 549;

(b) avoid the transfer of corporate funds from Debtor to Defendant(s) under TEX. BUS. COMM. CODE. § 24.001 *et seq*;

(c) enter judgment for Plaintiff and pursuant to 11 U.S.C. § 550 order Defendant Dmitriy Buyanov to pay $12,006.00;

(d) enter judgment for Plaintiff and pursuant to 11 U.S.C. § 550 order Defendant M. David Dennis to pay $63,000.00;

(e) enter judgment for Plaintiff and pursuant to 11 U.S.C. § 550 order Defendant Cesar Gomez to pay $24,000.00;

(f) enter judgment for Plaintiff and pursuant to 11 U.S.C. § 550 order Defendants Karl Kuchenbacker and Kuchenbacker Enterprises, LLC to pay $302,818.90;

(g) enter judgment for Plaintiff and pursuant to 11 U.S.C. § 550 order Defendant Abimael Perez to pay $52,224.04;

(h) enter judgment for Plaintiff and pursuant to 11 U.S.C. § 550 order Defendant Gregg Podleski to pay $8,000.00;

(i) enter judgment for Plaintiff and pursuant to 11 U.S.C. § 550 order Defendant Ernest Roman to pay $135,101.00;

(j) enter judgment for Plaintiff and pursuant to 11 U.S.C. § 550 order Defendant Byron Strain to pay $14,000.00;

(k) order Defendants to pay pre-judgment interest from the dates of transfer through the date of judgment at the rate of 6% per annum and post-judgment interest at the prevailing federal judgment rate until paid;

(l) enter an award of attorneys' fees and costs in favor of Plaintiff.

Dated:  October 12, 2010

Respectfully submitted,

**THE KENNEDY FIRM**

By: *Kirk A. Kennedy*
Kirk A. Kennedy
Federal Bar Number: 0032453
Andrew Haut
Federal Bar Number: 1002164
P.O. Box 3502
Houston, Texas 77253
Tel: (832) 646.9228
Fax: (713) 583.7069
Special Counsel to the Chapter 7 Trustee
Randy Williams